## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN - WESTERN DIVISION

JASON ZUHL

      Plaintiff,                         File No. 1:12-cv-01380-RJJ

vs.                                     HON. RAY KENT

JASON HASKINS, individually and in his
official capacity,

| | |
|---|---|
| Hugh M. Davis (P12555) | James M. Straub (P21083) |
| Cynthia Heenan (P53664) | Sarah J. Hartman (P71458) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Constitutional Litigation Associates PC | Straub Seaman & Allen PC |
| 450 W Fort St Ste 200 | 1014 Main St, PO Box 318 |
| Detroit MI  48226 | St Joseph MI  49085 |
| 313-961-2255/Fax 313-961-5999 | 269-982-1600 |
| conlitpc@sbcglobal.net | jstraub@lawssa.com |
| | shartman@lawssa.com |
| James T. McGovern  (P79410) | |
| Attorney for Jason Haskins | |
| Berrien County Administration Center | |
| 701 Main Street | |
| St. Joseph, MI  49085 | |
| (269) 983-7111, Ext. 8416 | |
| jmcgovern@berriencounty.org | |

## JOINT JURY INSTRUCTIONS

## CV 2.01 – Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## CV 2.02 - Jurors' Duties

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have seen and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**CV 2.04 - Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do not speculate about what a witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CV 2.05 - Consideration of Evidence

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**CV 2.06 - Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CV 2.07 - Credibility of Witnesses

Another part of your duties as jurors is to decide how credible or believable each witness was.  This is your duty, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask  yourself if  the  witness  testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask

yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**CV 2.08 - Number of Witnesses and Evidence Presented**

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.  Concentrate on that, not the numbers.

**CV 2.08A - All Available Evidence Need Not Be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**CV 2.08C - Not Required to Accept Uncontradicted Testimony**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

**CV 2.14 - Lawyers' Objections**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**CV 3.01 – Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the plaintiff's claim(s) against the defendant.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case.  Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

## CV 3.02 - Preponderance of the Evidence

The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

**CV 3.02A - Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

**CV 3.03 - Specific Elements of Claims**

**CV 3.03A – Proximate Cause**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## CV 3.03B - Proximate Cause and Proximately Contributed

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

**CV 3.04 - Consider Damages Only If Necessary**

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## CV 3.04A - Damages - Reasonable - Not Speculative

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible.  They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**CV 3.04B - Recovery of Take-home Pay Only**

Under the law, any award made to plaintiff in this case is not subject to Federal or State income tax. Therefore, in computing the amount of damages which you may find the plaintiff is entitled to recover for past or future lost earnings, plaintiff is entitled to recover only the net, after-tax income.  In other words, the plaintiff is entitled to recover only "take-home pay" which you find was lost in the past or will lose in the future.

## CV 3.04C - Future Damages - Reduction to Present Cash Value

If you decide that the plaintiff will sustain damages in the future, you must reduce the amount to its present cash value.  The amount of damages you determine the plaintiff will sustain the first year is to be divided by 1.05.  The amount of damages you determine will be sustained in the second year is to be divided by 1.10.  The amount of damages you determine will be sustained the third year is to be divided by 1.15.  You then continue to use the similar procedure for each additional year you determine damages will be sustained.  The total of your yearly computation is the present cash value of the plaintiff's future damages.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

**CV 3.04D - Mortality Tables - Actuarial Evidence**

Life Expectancy of Plaintiff

If a preponderance of the evidence shows that plaintiff has been permanently damaged, you may consider the plaintiff's life expectancy.  The mortality evidence may be considered in determining how long the claimant may be expected to live.  Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and exposure to danger of persons in that class.  So, such tables are not binding on you but may be considered together with the other evidence, if any, in the case bearing on the plaintiff's health, age, occupation and physical condition, before and after the injury, in determining the probable length of the plaintiff=s life.

Work Life Expectancy

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy.  Those elements of damage related to future income [or future support] should be measured only by the plaintiff's remaining work life expectancy.

**CV 3.04E - Duty to Mitigate Damages**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by the amount the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

**CV 3.05A - Prejudgment Interest**

If you decide that the plaintiff has suffered damages, then you should award plaintiff that amount of interest which you find will fairly compensate the plaintiff for the loss of use of the plaintiff's funds.  If you decide to award interest, the interest should begin to run on the date when plaintiff's total damages became ascertainable which would be [fill in date]. The interest should run from [fill in date] through today's date.  The interest rate shall be [fill in percent].

**CV 4.01 – Introduction**

That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiff [and defendant] and how to calculate damages if you find that damages should be awarded.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## CV 4.02A - Stipulations of Fact

The parties have agreed to certain facts that have been given to you.  You should therefore treat these facts as having been proved.

**CV 4.02B - Judicial Notice**

The Court has decided to accept as proved the fact that [fill in] even though no evidence has been introduced on the subject.  You may, but are not required to, accept this fact as true.

**CV 4.05 - Testimony Of Expert Witness**

During the trial you heard the testimony of [name], who was described as an expert in [field].  This witness was permitted to testify even though this person did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field.  Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion.  The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it.  Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard.  You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

### CV 4.05A - Compensation of Expert Witnesses

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services.  It is a customary and accepted procedure.  No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

During the trial you heard the testimony of [name], who was described as an expert in [field].  This witness was permitted to testify even though this person did not actually witness any of the events involved in this trial.

**CV 4.06W - Witness Who Has Been Interviewed by an Attorney**

It has been brought out that an attorney has talked with witnesses.  There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**CV 4.07 - Impeachment - Inconsistent Statement (Prior Conviction)**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

## CV 9.01 – Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer.  The officer will give the message to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence.  If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split, or whatever your vote happens to be.  That should stay secret until you are finished.

## CV 9.02 - Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  The instructions I have given you throughout trial also apply to your deliberations.  Do not try to gather any information about the case on your own.  Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as Twitter to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial.  Make your decision based only on the evidence that you saw and heard here in court.

**CV 9.04 - Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.  For example, some of you may need to think quietly while others may want to openly discuss their thoughts.  It may take more time for some of you, than for others, to reach a decision.  Be patient and considerate of each other's needs as you deliberate.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff=s claims were proved by a preponderance of the evidence.

**CV 9.05 - Verdict Form**

I have prepared verdict forms for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.  **[EXPLAIN FORM]**

When you answer one or all of these questions regarding one of the plaintiffs, you should then answer the questions for the other plaintiff.  Your foreperson should sign and date both verdict forms.

After both verdict forms are completed, your foreperson should give a written note to the bailiff.  That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom.  The parties will then be informed of your verdicts.

**CV 9.09 - Court Has No Opinion**

Let me emphasize something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves whether the plaintif's claims were proved by a preponderance of the evidence.

**CV 10.01 - Transcript of Tape Recording**

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

## CV 10.02 - Deposition As Substantive Evidence

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of Andrew Wang, M.D., which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

The deposition of David Brown, M.D., which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

The deposition of Michael Seward, M.D., which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

The deposition of Ronald McKey, M.D., which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.