# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MICHIGAN - WESTERN DIVISION

JASON ZUHL

    Plaintiff,

vs.

JASON HASKINS, individually and in his official capacity,

File No. 1:12-cv-01380-RJJ

HON. RAY KENT

Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Attorneys for Plaintiff
Constitutional Litigation Associates PC
450 W Fort St Ste 200
Detroit MI  48226
313-961-2255/Fax 313-961-5999
conlitpc@sbcglobal.net

James T. McGovern  (P79410)
Attorney for Jason Haskins
Berrien County Administration Center
701 Main Street
St. Joseph, MI  49085
(269) 983-7111, Ext. 8416
jmcgovern@berriencounty.org

James M. Straub (P21083)
Sarah J. Hartman (P71458)
Attorneys for Defendant
Straub Seaman & Allen PC
1014 Main St, PO Box 318
St Joseph MI  49085
269-982-1600
jstraub@lawssa.com
shartman@lawssa.com

*DEFENDANT'S REQUESTED JURY INSTRUCTIONS*

## *REQUESTED JURY INSTRUCTION NO. 1*

### *NATURE OF THE ACTION*

Plaintiff Zuhl claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to Plaintiff Zuhl by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiff Zuhl alleges that Defendant Haskins deprived plaintiff Zuhl of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against plaintiff's person while he was detained so that his home could be searched pursuant to a valid search warrant.

Defendant Haskins denies that any of his actions during the time in question violated plaintiff's constitutional rights. Defendant Haskins claims that his actions were reasonable. Defendant Haskins further claims that he is not guilty of any fault or wrongdoing in regard to the incident sued upon.

*3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.)* (as modified for this factual circumstance)

Given: _____

Modified: _____

Refused: _____

# REQUESTED JURY INSTRUCTION NO. 2

## *STATUTES*

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States person has the constitutional right not to be subjected to unreasonable force while being arrested or detained by a law enforcement officer, even though such arrest or detention is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

*3B Fed. Jury Prac. & Instr. § 165:10 (6th ed.).*

Given: _____

Modified: _____

Refused: _____

## REQUESTED JURY INSTRUCTION NO. 3

### CLAIM OF EXCESSIVE FORCE

In order to prove his claim that Defendant Haskins violated Plaintiff's constitutional rights, the burden is on Plaintiff Zuhl to establish by a preponderance of the evidence in the case all of the following facts as to Officer Haskins:

*First*, that Defendant Haskins used excessive force on Plaintiff Zuhl, in the course of detaining Plaintiff Zuhl while executing a valid search warrant at Plaintiff's home.

*Second*, that Defendant Haskins acted under color of some law of the State of Michigan; and

*Third*, that Defendant Haskins' acts and conduct were the proximate cause of injury and consequent damage to Plaintiff Zuhl.

Because Defendant Haskins was acting as a police officer at the time of the acts in question, Defendant Haskins was acting under color of law. In other words, the *second requirement* was satisfied and is not in dispute.

I will charge you on the *first and third requirements*, later in these instructions.

*Devitt and Blackman §§ 103.3 and 103.8 - Excessive Force* and *3B Fed. Jury Prac. & Instr. § 165:20 (6th ed.)* (as modified for this factual circumstance)

Given: _____

Modified: _____

Refused: _____

## *REQUESTED JURY INSTRUCTION NO. 4*

## *CLAIM OF EXCESSIVE FORCE*

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being detained during the execution of a search warrant.  In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to detain a person and allow the search warrant to be carried out.

In the instant case, the Plaintiff claims that he was subjected to excessive force when Defendant Haskins allegedly struck him in the eye while attempting to detain Plaintiff Zuhl during the execution of a valid search warrant. First, you must determine whether Defendant Haskins committed the alleged act.

*Graham v. Connor*, 490 U.S. 386, 395 (1989).

Given: _____

Modified: _____

Refused: _____

## *REQUESTED JURY INSTRUCTION NO. 5*

## *CLAIM OF EXCESSIVE FORCE - REASONABLENESS*

Claims that a police officer used excessive force in the course of a detention are analyzed under a "reasonableness" standard. Assessment of the reasonableness of the force used is an objective inquiry that depends on the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest."

*Graham v. Connor*, 490 U.S. 386, 395 (1989).

Given: _____

Modified: _____

Refused: _____

### REQUESTED JURY INSTRUCTION NO. 6

### CLAIM OF EXCESSIVE FORCE

Plaintiff Zuhl claims that Defendant Haskins used excessive force when Haskins allegedly struck Plaintiff in the eye during the course of executing a valid search warrant. In detaining an individual who is present during the execution of a search warrant, a law enforcement officer has the right to use such force as is necessary under the circumstances to effectuate the detention.

Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in this case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effectuating the detention of the plaintiff under the circumstances shown from the evidence received in this case. In determining whether Defendant Haskins used excessive force, you may consider:

1. The extent of the injury suffered,

2. The need for the application of force, if any,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the Defendant Haskins's actions were objectively reasonable in light of the facts and circumstances which confronted him, without regard to his underlying intent or motivation You may not substitute your personal notions of proper police procedure for the instantaneous decision of the officer at the scene. You must not allow your opinion of the way things ought to be in the world to replace the dangerous and complex world that police officers face every day. What constitutes "reasonable" action may seem quite different at the time than to someone analyzing the question after the fact at their leisure.

You must also consider the defense that Defendant Haskins's conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that he is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. Plaintiff Zuhl claims that he was subjected to excessive force by Defendant Haskins when Defendant Haskins allegedly struck Plaintiff in the eye while Haskins was conducting a search of Plaintiff's home. While every person has the right not to be subjected to excessive use of force while his home is being searched by a law enforcement officer, in executing a search warrant an officer has the right to use such force as is necessary under the circumstances to secure and detain individuals present for the safety of the officers and to prevent flight. Whether or not the force used was excessive is an issue to be determined by you in the light of all the surrounding circumstances.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the execution of the search warrant, you find from a preponderance of the evidence that plaintiff Zuhl has proved that Defendant Haskins knowingly violated the law regarding the plaintiff's constitutional rights, you must find for plaintiff Zuhl.

If, however, you find that Defendant Haskins had a reasonable belief that his actions did not violate the constitutional rights of Plaintiff Zuhl, then you cannot find the Defendant liable even if the plaintiff's rights were in fact violated as a result of the defendant's objectively reasonable action.

*Graham v. Connor*, 490 U.S. 386 (1989); *3B Fed. Jury Prac. & Instr. § 165:23 (6th ed.)*

Given: _____

Modified: _____

Refused: _____

## REQUESTED JURY INSTRUCTION NO. 7

### CLAIM OF EXCESSIVE FORCE - NEGLIGENCE

An injury which results from the negligent act of a police officer during the course of detention will not give rise to liability. There is no state-of-mind requirement; there is no requirement of specific intent to deprive a person of federal rights. However, merely negligent conduct is not enough to state a claim.

In other words, if Plaintiff Zuhl was injured as the result of a negligent act of Defendant Haskins, Plaintiff Zuhl cannot recover.

Negligence means the failure to use ordinary care. "Ordinary care" means that degree of care that an ordinarily careful person, in this case an ordinarily careful police officer, would use under the same or similar circumstances. In deciding whether a person was negligent or failed to use ordinary care you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

*Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986); *Daniels v. Williams*, 474 U.S. 327; 106 S.Ct. 662; 88 L.Ed.2d 662 (1986); *3B Fed. Jury Prac. & Instr. Ch. 165 Introduction (6th ed.).*

Given: _____

Modified: _____

Refused: _____

## *REQUESTED JURY INSTRUCTION NO. 8*

## *CAUSATION*

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Zuhl, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

To succeed in his claim, Plaintiff Zuhl must prove that Defendant Haskins's actions were the cause in fact and the proximate cause of his injury.

Plaintiff Zuhl has the burden of proving each and every element of Plaintiff's claim by a preponderance of the evidence. If you find Plaintiff Zuhl has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant Haskins.

*West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); 3B Fed. Jury Prac. & Instr. § 165:50 (6th ed.).*

Given: _____

Modified: _____

Refused: _____

## *REQUESTED JURY INSTRUCTION NO. 9*

### *COMPENSATORY DAMAGES*

If you find for Plaintiff Zuhl, you must determine plaintiff's damages. Plaintiff Zuhl has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Zuhl for the deprivation of civil rights proximately caused by Defendant Haskins. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable cost of plaintiff's medical care and hospitalization; and

2. Plaintiff's physical or emotional pain and mental anguish.

*3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.).*

Given: _____

Modified: _____

Refused: _____

### *REQUESTED JURY INSTRUCTION NO. 10*

#### *PUNITIVE DAMAGES*

In addition to the damages mentioned in other instructions, the law gives the jury discretion under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

Punitive damages may be awarded when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

If you find in favor of Plaintiff Zuhl and against Defendant Haskins, and you also find the conduct of Defendant Haskins was recklessly and callously indifferent to plaintiff's constitutional rights, or motivated by evil motive or intent, then, in addition to any other damages to which you find Plaintiff Zuhl entitled, you may, but are not required to, award Plaintiff Zuhl an additional amount as punitive damages if you find it is appropriate to punish Defendant Haskins or deter Defendant Haskins and others from like conduct in the future. Whether to award Plaintiff Zuhl punitive damages and the amount of those damages are within your sound discretion.

*Smith v. Wade*, 461 U.S. 30, 35–36, 103 S.Ct. 1625, 1629, 75 L.Ed.2d 632 (1983).

*3B Fed. Jury Prac. & Instr. § 165:71 (6th ed.).*

Given: _____

Modified: _____

Refused: _____

## *REQUESTED JURY INSTRUCTION NO. 11*

### *MITIGATION OF DAMAGES*

If you find Plaintiff Zuhl was injured as a result of conduct by Defendant Haskins in violation of Section 1983, you must determine whether Plaintiff could have done something to lessen the harm or damages suffered. Defendant Haskins has the burden to prove by a preponderance of the evidence that Plaintiff could have lessened or reduced the harm done to Plaintiff and that Plaintiff failed to do so.

If Defendant establishes by a preponderance of the evidence that Plaintiff could have reduced the harm done to Plaintiff but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Plaintiff would have suffered had plaintiff taken appropriate action to reduce the harm.

3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.)

Given: _____

Modified: _____

Refused: _____